IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                            No. 2:12-cv-1379 MCE GGH PS

   vs.

GARY ICHIKAWA,

      Defendant.                    <u>ORDER AND</u>
                                        <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

       Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). (Dkt. No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

       The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

According to plaintiff's complaint and the exhibits attached to the complaint (see dkt. no. 1), a state court visitation order allowed plaintiff no scheduled visitation with his son,

1  except at the discretion of the mother and the son.  In March 2012, plaintiff filed an application
2  to request visitation time with his son over Easter, a religiously significant holiday for plaintiff.
3  Plaintiff states that his religious practices for celebrating Easter consist of attending church,
4  spending time with family, and searching for Easter eggs around the house.  Plaintiff alleges that,
5  although he had no convictions for domestic violence or child abuse, and there were no founded
6  child protective services reports, defendant Judge Gary Ichikawa of the Solano County Superior
7  Court denied plaintiff's request for an ex parte hearing on the application, thereby depriving
8  plaintiff of celebrating Easter with his son.  Plaintiff contends that defendant's actions violated
9  plaintiff's right to exercise his religious beliefs with his family that is protected under the First
10 Amendment to the United States Constitution.[1]  He also alleges that defendant violated the
11 California Code of Judicial Ethics and the California Constitution.  Plaintiff further asserts that
12 the current visitation order is the subject of a pending appeal before a California Court of Appeal.
13 Plaintiff requests a trial to hold defendant accountable for violating 42 U.S.C. § 1983.

14         In this case, the court need not reach the substance of plaintiff's claim, because it
15 is readily apparent that defendant is immune from liability.  "Judges are immune from damage
16 actions for judicial acts taken within the jurisdiction of their courts...Judicial immunity applies
17 however erroneous the act may have been, and however injurious in its consequences it may have
18 proved to the plaintiff."  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  A judge can
19 lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish
20 acts taken in error or acts that are performed in excess of a judge's authority (which remain
21 absolutely immune) from those acts taken in clear absence of jurisdiction.  Mireles v. Waco, 502
22 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be

---

[1] Plaintiff actually asserts that defendant violated his rights under Article I of the United States Constitution.  However, because Article I deals with the legislative branch of the federal government, the court instead construes plaintiff's complaint as asserting a claim under the First Amendment to the United States Constitution, which states, in pertinent part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...."

deprived of immunity because the action he took was in error...or was in excess of his authority.")  Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction.  Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction...or performs an act that is not judicial in nature.")

Here, the challenged conduct is clearly a judicial act, because defendant Ichikawa issued the order denying an ex parte hearing in his capacity as a judge.  Furthermore, even assuming *arguendo* that defendant Ichikawa erred or somehow acted in excess of his authority, a subject on which this court expresses no opinion, defendant Ichikawa did not act in clear absence of jurisdiction when he issued an order in a case pending before him.  Accordingly, defendant Ichikawa is immune from liability for damages under 42 U.S.C. § 1983.

The court notes that plaintiff does not request prospective injunctive relief against defendant Ichikawa.  But even if he did, it would be inappropriate for a federal court to interfere in this family law matter pending in state court.  See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (upholding abstention by district court in dispute involving father's visitation rights).  Disputes regarding child custody and visitation are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, especially when there are ongoing state judicial proceedings.  Coats, 819 F.2d at 237.  In this case, there are ongoing state judicial proceedings, because plaintiff represents that the state court visitation order is being appealed in a state court of appeal.  In light of this representation, it also appears that plaintiff has an adequate opportunity to raise his constitutional claims in the state courts.

\\\\\

Finally, plaintiff's complaint names Crystal Archer, his son's mother, as a real party in interest.  To the extent plaintiff attempts to assert a claim under 42 U.S.C. § 1983 against Archer, that claim should also be dismissed, because plaintiff cannot plausibly allege that Archer is a state actor.  Ball v. Rodgers, 492 F.3d 1094, 1103 (9th Cir. 2007); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a *person acting under the color of State law*.") (emphasis added).

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.

For the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice, and

2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

\\\\

\\\\

\\\\

\\\\

5

1 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).
3 | DATED: June 13, 2012
4 |         /s/ Gregory G. Hollows
5 | UNITED STATES MAGISTRATE JUDGE

7 | GGH/wvr
Todd.1379.ifp-fr.wpd